IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOE FLOYD FULLER, SR.,
                                Plaintiff,

            v.                                  CASE NO. 08-3065-SAC

BILLY WILCOX, et al.,
                                Defendants


JOE FLOYD FULLER, SR.,
                                Plaintiff,

            v.                                  CASE NO. 08-3171-SAC

FRANK DENNING, et al.,
                                Defendants.


O R D E R

        Plaintiff proceeds pro se and in forma pauperis[1] on a complaint

filed under 42 U.S.C. § 1983, seeking relief for the alleged

violation of his rights while confined as a pretrial detainee in two

Johnson County correctional facilities.   Plaintiff subsequently

---

        [1]The court granted plaintiff provisional leave to proceed in
forma pauperis in this matter, subject to the district court's
reexamination if plaintiff's factual allegations supporting the
imminent danger exception are later challenged. *See* Fuller v.
Wilcox, 2008 WL 2961388 (10th Cir. August 4, 2008)(unpublished
opinion). *See also* Fuller v. Myers, 123 Fed.Appx 365, 2005 WL
408063 **2 (10th Cir. 2005)(if the district court should order
service of process, any defendant served with such process "[would
be] permitted to mount a factual challenge, based on full
development of the facts, to the district court's provisional
determination on the face of the complaint that Fuller satisfies the
'imminent danger' element").

amended his complaint to broadly allege the violation of his rights under the Americans with Disabilities Act.

Plaintiff initiated this action against three defendants, seeking damages and injunctive relief for their alleged violation of his constitutional rights after his December 2007 arrest and subsequent confinement in two Johnson County facilities:  Officer Wilcox at the Fred Allenbrand Correctional Facility in New Century, Kansas (FACF-New Century), Nurse Valerie at the Johnson County Adult Detention Center in Olathe, Kansas (JCADC-Olathe), and CCS as the private entity providing medical care at both Johnson County facilities.  Plaintiff's allegations center on defendants' refusal to provide plaintiff a wheelchair at the Johnson County facilities. Plaintiff claims defendants were deliberately indifferent to his serious medical needs, and violated his rights under the United States Constitution and federal law.

*Motion to Consolidate with Fuller v. Denning, 08-3171-SAC*

In a later filed complaint, plaintiff names the Johnson County Sheriff Frank Denning, and Dr. Gamble at the Johnson County facilities, as additional defendants involved in the alleged violation of his rights by denying him a wheelchair.  Plaintiff's motion to consolidate these two actions (Doc. 66) is granted.

*Motions to Add Defendants and to Amend the Complaint*

In separate motions, plaintiff seeks to add numerous additional defendants.  Two such motions to add Dr. Gamble and Sheriff Denning as defendants (Docs. 72 and 97) are rendered moot by the court's consolidation of plaintiff's two complaints.  Also, plaintiff's attempt to add a law firm and an attorney therein as defendants

2

(Doc. 73) is denied because neither are a "person acting under color of state law" for purposes of stating a viable claim for relief under 42 U.S.C. § 1983.

All remaining motions to add defendants are denied without prejudice to plaintiff submitting a motion for leave to amend the consolidated complaint to name these additional defendants, with a proposed amended complaint. Plaintiff is advised that any such proposed amendment will be subject to federal rules governing amendment of a complaint, Fed.R.Civ.P. 15, rules governing joinder of claims and parties, Fed.R.Civ.P. 18 and 20, and screening by the court pursuant to 28 U.S.C. § 1915A.

Likewise, plaintiff's motions for leave to file a second and third amended complaint (Docs. 113 and 114) are denied without prejudice. Plaintiff's "Amended Complaint" (Doc. 112) submitted the same date is liberally construed by the court as a proposed amended complaint that is not submitted on a court approved form. These pleadings either restate allegations and claims previously raised by plaintiff in the consolidated complaints before the court, or recite allegations of subsequent misconduct by persons not yet parties to this action.

Plaintiff is advised that a motion seeking leave of the court to amend a complaint must detail the proposed amendments and the reasons why such amendments are necessary, and that a proposed amended complaint on a court approved form must be attached. Also, the proposed amended complaint must contain all of plaintiff's claims against all defendants.

Absent a timely filing of a motion for leave to amend the

complaint to assert additional claims against additional defendants as set forth in an attached proposed amended complaint, the court will proceed on the claims asserted in plaintiff's original complaints (as amended in Case No. 08-3065-SAC) and consolidated by the court, against the five defendants named therein. Plaintiff's motion (Doc. 57) for service of summons, filed in Case No. 08-3065-SAC, is denied without prejudice.

*Motions for Appointment of Counsel and Payment of Fees*

Plaintiff's renewed motion for appointment of counsel (Doc. 101) is denied without prejudice. Having reviewed plaintiff's claims and his ability to present them, the court is not persuaded that appointment of counsel is warranted at this time. *See* <u>Hill v. Smithkline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004)(stating factors to be considered by the court in deciding motion for appointment of counsel, and burden the moving party bears).

Plaintiff's motion (Doc. 64) to be allowed to pay, upon prevailing in this matter, the entire filing fee obligation and any new fees is denied. While plaintiff is a prisoner, his payment of his outstanding filing fee obligations remains subject to the warden's automatic collection of funds from plaintiff's prisoner trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 66) to consolidate this action with his later filed complaint, <u>Fuller v. Denning</u>, Case No. 08-3171-SAC, is granted.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement and payment of prior fee obligations (Doc. 64) is denied.

IT IS FURTHER ORDERED that plaintiff's motions to add defendants Gamble and Denning (Docs. 72 and 97) are denied as moot, that plaintiff's motion to name Ferree, Bunn, O'Grady & Rundberg Law Office and Kirk Ridgway as defendants (Doc. 73) is denied, and that plaintiff's motions to add defendants (Docs. 69, 70, 71, 74, 75, 76, 77, 79, 84, 87, 93, 98, 99, 100, and 105) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 101), motion for service of summons (Doc. 57), and motions for leave to file a second and third amended complaint (Docs. 113 and 114) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to amend the complaint in a proper manner if he seeks to add additional claims and defendants beyond those before the court in the complaint (as previously amended) in Case No. 08-3065-SAC, and the complaint in Case No. 08-3171-SAC.

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 15th day of July 2009 at Topeka, Kansas.


     s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge